A. L. DENTON

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

RESPONDEAT SUPERIOR—*when State not liable.* The doctrine of *Respondeat Superior* does not apply to the State and it is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*recommendation.* While the State is not liable for the injuries sustained by claimant, the Court as an act of social justice and equity recommends to the Legislature an appropriation to compensate him for the injuries sustained.

Edward J. Brundage, Attorney General, for State.

The claimant, A. L. Deaton, files his declaration herein, claiming $30,000.00 for personal injuries alleged to have been incurred by him, while in line of duty, and in the exercise of due caution, care and diligence for his personal safety, while in the employ of the State at the State Capitol on the 18th day of November, A. D. 1922.

In his declaration, claimant alleges that he is a married man, 61 years old, has wife, two daughters, and one son, who reside with him, the latter being under 16 years of age, at the time of the alleged injury. That he has been in the employ of the State of Illinois as an engineer under the Secretary of State since January 2nd, 1912, and immediately prior to that time, he for a period of approximately one year, was employed by the State in a similar capacity at the State Hospital at Bartonville, Illinois. His Salary was, and still is $150.00 per month. That, as such engineer in the office of Secretary of State, it became, and was the duty of claimant to perform such work as the Secretary of State might direct, said work consisting mainly and largely, if not wholly, in the inspection and repairing, when necessary, the elevators, heat and water systems in the Capitol building, commonly known as the "State House," and the power plant of the State at the Capitol City.

In the course of such employment, while in line of his duties, and while using ordinary care and caution for his personal safety, while putting on grease or dressing on the machinery, as directed by his immediate superior, his hand was caught between the drum and steel cable or rope around it, and the elevator being then in motion, the claimant was thrown violently over the said drum, resulting in tearing off his entire left hand, except the thumb, the breaking of one rib, deep cuts and scars in his chin, and face, terribly disfiguring him, and maiming him for life; that he suffered a great nerve shock, and being old, has almost totally incapacitated him from performing of hard

manual labor. The claimant presented his case without counsel. He appeared in open court, and was examined and interrogated orally by the Court and exhibited his wounds. The facts stated in the declaration are not denied by the Attorney General, who files his answer herein, consenting that the documents A, B, C, D and E attached to his answer might be considered in evidence, without objection, and making no objection to the Court's recommendation in such an amount as equity and good conscience may demand.

The various exhibits so introduced are in proof of the various amounts expended by claimant to physicians, hospitals, nurses, etc., amount to about $400.00.

"Exhibit E" is the evidence of Dr. Fred P. Cowdin, who in part, testified as follows: I was called November 18th, 1921, to dress the wounds and to treat claimant. His injuries consist of loss of hand, except thumb; the extensor tendons were torn out of his wrist up into the forearm, resulting in a wrist drop and practical uselessness of the part of the hand that remains." "Also a deep laceration in his chin, which healed, leaving a permanent disfiguring scar, great shock to the nervous system, and cerebral concussion. There were also two ribs broken on the left side, etc."

The claimant's appearance in open court, disclosed to the Court that he was badly disfigured by wounds and that he was almost totally incapacitated from performance of manual labor, as a result of the injuries alleged. While the Court has repeatedly held that the State is not legally liable in such cases, yet in this case, we certainly think this a case strongly appealing to the Court, in equity and good conscience, and in the interest of social welfare, to compensate the claimant in part for his said injuries, sustained. We have decided to, and hereby do award to claimant, the sum of four thousand dollars, and we recommends an appropriation for said amount.